87 So.2d 586 (1956)
Esther COUNNE and Nessem Counne, Appellants,
v.
Simon SAFFAN, Dorra Saffan, Sarah Mordoh, Mallah Mordoh, doing business as S & M Apartments, Appellees.
Supreme Court of Florida. Division A.
May 23, 1956.
Joseph Pardo, Miami, for appellants.
Blackwell, Walker & Gray, Miami, for appellees.
THORNAL, Justice.
Appellants Counne, who were plaintiffs below, seek reversal of a summary judgment in favor of the defendants below in an action for damages based on alleged negligence.
The question presented by the appeal is whether the record reveals a genuine issue on material facts. However, for the reasons hereinafter stated, we cannot proceed to a consideration of the merits of the cause.
On May 4, 1955, the trial judge entered a summary judgment in favor of the defendants in an action for damages arising out of the alleged negligence of the defendants resulting in the alleged injury of plaintiff *587 Esther Counne. Summary judgment was recorded May 5, 1955.
The appellant-plaintiffs filed a "petition for rehearing" which was denied by an order recorded June 7, 1955. On July 6, 1955, notice of appeal from the summary judgment and from the order denying petition for rehearing was filed in the office of the Clerk of the Circuit Court. The appeal assigns as error the entry of the summary judgment and the order denying petition for rehearing.
In Weisburg v. Perl, Fla. 1954, 73 So.2d 56, we held that there is no provision in our rules or statutes for attacking a summary judgment in a law action by petition for rehearing or by a motion for a new trial. It was further held that when such a petition or motion is filed in the trial court, it does not toll the running of the appeal period against the summary judgment. If an appeal is instituted it must be from the summary final judgment itself.
Under Supreme Court Rule 12(3), 31 F.S.A., an appeal "shall be deemed to have been commenced when the notice of appeal is filed with the clerk of the court whose order, judgment or decree is appealed from." It is this filing of the notice of appeal that gives this court jurisdiction of the subject matter and the parties to the appeal. Supreme Court Rule 12(5). The filing of the notice of appeal is jurisdictional and this court is without power to exercise its jurisdiction in the absence of the filing of such a notice within the time and manner prescribed by our rules.
A review of the record before us reveals that the summary judgment was recorded May 5, 1955. The notice of appeal was filed for record in the office of the Clerk July 6, 1955. Although a certificate of counsel recites that a copy of the notice was mailed to opposing counsel on July 3, 1955, it is the filing of the notice in the office of the Clerk of the trial court that bestows the jurisdiction on this court. The intervening filing of the so-called "petition for rehearing" had no effect whatever on the running of the appeal period from the date of the recording of the summary final judgment. It is therefore apparent from the record that the notice of appeal was filed too late to give this court jurisdiction. Under such circumstances we could not assume jurisdiction even with the consent of the parties, which is not here present. See Donin v. Goss, Fla. 1954, 69 So.2d 316.
For the reasons stated, the appeal is dismissed ex mero motu.
DREW, C.J., and TERRELL, and HOBSON, JJ., concur.