PER CURIAM.
This cause came on upon a motion to quash the appeal. An examination of the record revealed that a summary final judgment in favor of the plaintiff was recorded on the 29th day of October 1959. On November 6, 1959, the defendant filed a petition for rehearing and on November 23, 1959, an amended petition for rehearing. On December 30, 1959, the trial judge entered an order denying petition for rehearing. Thereafter on the 8th day of January 1960, the defendant filed its notice of appeal. This notice recites that the appeal is from the summary final judgment recorded October 29, 1959, and is to review the order denying the petition for rehearing.
*190 We hold we are without jurisdiction to proceed. It is apparent that we cannot review the summary judgment since the notice of appeal was filed 71 days after the entry of said judgment. Florida Appellate Rules, Rule 3.2, subd. b, 31 F.S.A.
It is also clear that the proceedings in the nature of a petition for rehearing after the entry of the summary judgment were without legal effect. Weisberg v. Perl, Fla.1954, 73 So.2d 56; Counne v. Saffan, Fla.1956, 87 So.2d 586; La Joie v. General Motors Acceptance Corp., Fla. App.1959, 108 So.2d 497. Since such proceedings were without effect, they could not operate to extend the appeal period. The appeal must be dismissed.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.