121 So.2d 648 (1960)
RAMAGLI REALTY CO., a Florida Corporation, Petitioner,
v.
Franklin CRAVER, Respondent.
Supreme Court of Florida.
June 8, 1960.
Rehearing Denied July 5, 1960.
*650 Brigham, Wright, Dressler & Rearick, Miami, for petitioner.
Hamilton, Nason & Williams, West Palm Beach, and Guion T. DeLoach, Coral Gables, for respondent.
DREW, Justice.
The petition for certiorari in this cause asserts, among other things, that the decision of the district court of appeal is in direct conflict with decisions of this Court[1] which hold that an appellate court is without jurisdiction to entertain an appeal from a final judgment in an action at law filed more than sixty days after the rendition of such final judgment. Other conflicts are alleged in the petition for certiorari and are argued in the briefs of counsel. In view of our conclusion that the district court was without jurisdiction in the premises, it is unnecessary to discuss the other questions presented.
The Constitution provides that district courts shall have jurisdiction of appeals from trial courts from final judgments[2] and from such interlocutory orders as shall be prescribed by rule of the Supreme Court.[3] In accordance with this constitutional provision, a rule was adopted by the Supreme Court which provided that appeals from final judgments shall be commenced within sixty days from the rendition of such final judgment,[4] unless some other period of time is specifically provided by statute or rule.[5] The statutes of this State contain a similar provision.[6] Supreme Court rules prescribe that appeals from interlocutory orders at common law are *651 limited to orders relating to venue or jurisdiction over the person.[7] Other interlocutory orders rendered in common law actions may be reviewed only on an appeal prosecuted from the final judgment.[8] Orders entered after final judgment may be reviewed by certiorari.[9]
The rules of this Court provide that a judgment is rendered when reduced to writing, signed and made a part of the record or, if recording is not required, when it has been filed.[10] The rule further provides that where there has been a timely and proper motion or petition for new trial, rehearing or reconsideration by the trial court, the questioned order shall not be deemed rendered until such motion or petition is disposed of. A motion for new trial not filed within the time prescribed by statute or rule or any motion or petition not authorized by statute or rule does not toll the time within which an appeal must be taken.[11]
In an unbroken line of decisions, we have held that we are without jurisdiction to entertain or decide a case brought before us on appeal taken more than sixty days after the rendition of the judgment appealed from.[12] We have held on numerous occasions that, after the time for filing a timely and proper motion for new trial or petition for rehearing, the trial court may not directly or indirectly take any action to stay the running of the time within which the appeal must be taken. A trial court has no power to extend the time for taking an appeal nor may it, even with the consent of the parties, amend its decree or judgment to take effect at a later date for the purpose of extending the appeal.[13] The orderly administration of *652 justice requires that there be an end to litigation and the Legislature of this State has provided that certain periods of time shall be allowed to obtain a review of final judgments or final decrees of its trial courts. This is a power possessed by the Legislature, one which has been lawfully exercised, and, to the extent mentioned, it fixes and limits the scope of the jurisdiction of the appellate courts over such judgments and decrees. The determination of the time in which appeals may be taken is a legislative and not a judicial function.[14] The power of this Court under the Constitution[15] to adopt rules or procedure does not encompass the power to prescribe the time in which appeals may be prosecuted.
The district court opinion recites that the appeal is from a final judgment entered pursuant to a default. Following such statement, a skeletal chronology of the pleadings sets forth the date of the final judgment as June 20, 1957. The record filed in the cause shows that the notice of appeal was filed November 8, 1957, about four and one half months after the questioned final judgment. Such notice of appeal is directed not only to the final judgment of June 20th but to four orders entered prior to the final judgment and two orders entered thereafter. One order which followed the entry of the final judgment vacated an order setting aside the final judgment; the other reinstated the default and denied a motion to vacate the order reinstating the default.
The district court was without jurisdiction to entertain the appeal from the final judgment; therefore, it was without jurisdiction to decide any question which arose in the process of the litigation prior to the date of the final judgment. Such orders, as we have heretofore stated, are reviewable only on an appeal from the final judgment. The orders subsequent to final judgment, entered within the sixty day period of taking an appeal, can in no way furnish a basis for reviewing the final judgment which had theretofore passed into verity so far as appellate review is concerned. These latter orders under appropriate circumstances may be reviewed by certiorari but any error in or preceding the final judgment can only be cured by an appeal prosecuted within the time provided by law.[16]
*653 The respondent seems to lean heavily upon the cases decided by this Court prior to the effective date of the rules of civil procedure relating to the power of the courts to vacate and set aside defaults entered in common law actions.[17] Most of these cases were rendered inapplicable to that subject when the rules of civil procedure were adopted. For example, in many of the early decisions, it was held that the Court had complete control over its judgments and power to vacate, modify and set them aside during the term at which they were rendered.[18] Under the common law and the procedures existing at that time, terms of court had a very significant meaning. Such decisions, therefore, were clearly appropriate under the circumstances and modes of procedure and methods of operation of the courts then existing. When the civil rules of procedure were adopted, however, the inapplicability of these cases to present conditions was considered and met head on by Rule 1.6 (c), Florida Rules of Civil Procedure, 30 F.S.A.,[19] which to all intents and purposes eliminated the question of terms of court in matters of this kind and thereby rendered obsolete and inapplicable those decisions which turned upon that question. Moreover, it is pertinent to observe in this connection that the 1873 statute concerning the opening of defaults and which was carried forward in all of the statutory compilation and revisions to and including Florida Statutes 1953 (Section 50.10, F.S. 1953) was repealed by Chapter 29,737, Lewis of Florida 1955F.S.A. and was not brought forward in any of the subsequent revisions. And so it is that under the statutes and rules existing at the present time, and which governed proceedings of this kind at the time of the occurrence of the various proceedings in the trial court and district court, there was no particular rule which related to the opening or setting aside of defaults entered pursuant to the provisions of the applicable statute or rules, notably Rule 2.9, Florida Rules of Civil Procedure, 31 F.S.A. A review, therefore, of the propriety of entering a default in any particular instance would be reviewable in the same manner and under the same circumstances as any other order of a trial court entered during the progress of the proceedings but prior to final judgment, that is to say, such order would be reviewable only on an appeal taken from the final judgment. It thus appears quite clear in this case that the question of whether an answer to a prior complaint could stand over to a subsequent amended complaint so thoroughly discussed by the district court could have been raised and determined in a timely appeal from the final judgment. Failure to do so closes the door on this question. The subsequent orders had nothing to do with this basic contention and could not, as we have heretofore stated, under any circumstances afford a basis for extending the time for prosecuting the appeal from the final judgment. To recognize the propriety of such a subsequent proceeding would be to effectively nullify the legislative determination that appeals must be taken within prescribed periods *654 of time from the rendition of final judgments and would vest in the trial judge the power to indefinitely extend such appeal period. All authority rejects such a proposition.[20]
The question of vacating orders or final judgments procured by fraud, deceit or other cause which would render it void is not involved in these proceedings. As between the parties any judgment or order procured from any court by the practice of fraud or deception may in appropriate proceedings be set aside at any time. A void judgment is a nullity, a brutum fulmen and is subject to collateral attack and may be stricken at any time.[21] The passage of time cannot make valid that which has always been void but it can and often does render valid that which was merely voidable or erroneously entered.[22]
The decision of the district court under review, deciding issues in an appeal taken more than sixty days after the final judgment from which the appeal was prosecuted, is in direct conflict with the decisions of this Court heretofore alluded to. Such decision must be and is hereby vacated and held for naught with directions to enter an order dismissing the appeal for lack of jurisdiction.[23]
HOBSON, THORNAL and O'CONNELL, JJ., concur.
TERRELL, J., agrees to judgment.
THOMAS, C.J., and ROBERTS, J., dissent.
NOTES
[1] Counne v. Saffan, Fla. 1956, 87 So.2d 586; Donin v. Goss, Fla. 1954, 69 So.2d 316 and State ex rel. Diamond Berk Insurance Agency v. Carroll, Fla. 1958, 102 So.2d 129.
[2] Except those from which appeals may be taken direct to the Supreme or to a circuit court.
[3] Art. V, Sec. 5(3), Florida Constitution, F.S.A.
[4] F.A.R. Rule 3.2, subd. b, 31 F.S.A.
[5] For example, in criminal cases, by defendant within 90 days (Sec. 924.09, F.S.A.); by State within 30 days (Sec. 924.10, F.S.A.); bond validations within 20 days (Sec. 75.08, F.S.A.). Also see F.A.R. Rule 6.2, 6.3.
[6] Sec. 59.08, F.S.A.
[7] F.A.R. Rule 4.2, subd. a.
[8] For a thorough discussion of this proposition and the reasons for the rule, see the opinion of Thornal, J., in Atlantic Coast Line Railroad Company v. Boone, Fla. 1956, 85 So.2d 834, particularly at pages 838, 839 and 840, 57 A.L.R.2d 1186.
[9] F.A.R. Rule 4.5, subd. c(1). Also see F.A.R. Rule 3.9. Illustrative of the type of cases in which review by certiorari will be considered by the district courts and circuit courts are those in which the trial court has acted without and in excess of its jurisdiction, or its order does not conform to the essential requirements of law. United Life Insurance Company v. Jowers, Fla.App. 1960, 118 So.2d 85. Fort v. Fort, Fla. 1958, 104 So.2d 69; Kroier v. Kroier, 95 Fla. 865, 116 So. 753; See a discussion of this matter in 3 Florida Law and Practice, Certiorari, Sect. 35 (1956); Atlantic Coast Line R. Co. v. Lake County Citrus Sales, Fla. 1950, 48 So.2d 922. Amended Article V of the Constitution limits the power of the Supreme Court to issue writs of certiorari to the district courts in certain matters and to commissions established by law. The Supreme Court no longer possesses the power to issue so called "common law writs of certiorari." Such writs may be issued only by the district and circuit courts.
[10] F.A.R. Rule 1.3, Definitions.
[11] Donin v. Goss, supra; Counne v. Saffan, supra; State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, supra. In Weisberg v. Perl, Fla. 1954, 73 So.2d 56, 57, a "petition for rehearing and for new trial" was filed six days after the rendition of a summary judgment entered in a common law action. An appeal was taken within sixty days from the order denying the petition for rehearing and for a new trial but more than sixty days after the summary judgment. In granting a motion to dismiss the appeal, this Court held such a motion was not provided for by law or rule and concluded "the only method for review after a summary final judgment * * * is by direct appeal to this Court * * *."
[12] Ibid note 11.
[13] For example, in Salinger v. Salinger, Fla. 1958, 100 So.2d 393, 394, it is said: "A trial court has no power to extend the time prescribed by statute for taking an appeal." The further observation was made that even a stipulation consenting to the extension of time was ineffectual. In the Salinger case, on stipulation, the trial court had amended its decree to provide that it should be effective from a date some thirty-two days subsequent to the time it was actually rendered. To the same effect, see Cortina v. Cortina Fla. 1957, 98 So.2d 334.
[14] Reed et ux. v. Cromer, 1923, 86 Fla. 390, 98 So. 329, 330. In this early case, the statute provided that appeal must be returnable within 90 days. The Court stated, "This is a legislative requirement which this court cannot change or modify. It is the only way in which the case can get before this court and become subject to its rules or orders. If the statute is complied with * * * this court acquires jurisdiction, and may then make such orders as may be advisable. It is contended by the appellants that this requirement of the statute can be waived by the appellee. If this could be done, either expressly or impliedly, it follows that this court could permit it to be done, by its order, and, upon an application to this court for an appellant to be allowed to make his appeal returnable more than 90 days from the date of the entry of the appeal, that this court could so order upon good cause shown * * * It is apparent that we have no such power, and it would be a strange doctrine that would permit parties litigant to waive a statutory requirement, which the court itself would have no authority to change or modify by its order."

Also see a late case in the district court of appeal wherein the court held: "The legislature has the unquestioned right to fix the time for appeals. Such laws are in no sense rules of procedure * * and is absolute rather than one which may be waived. The statute rather than the rule governs * * *" State ex rel. Moore v. Murphree, Fla.App. 1958, 106 So.2d 430, 432.
[15] Article V, Section 3, Florida Constitution provides that the practice and procedure in all courts shall be governed by rules adopted by the Supreme Court.
[16] See section 59.06, F.S.A. which prescribes those matters which are reviewable on appeal from final judgments. This chapter also provides for appeals from orders granting a new trial, from certain rules of the court and from orders of non-suit. These statutes not being inconsistent with any rule of the Supreme Court are still in effect under the provisions of F.A.R. Rule 1.4 which provides: "All statutes not superseded hereby or not in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
[17] For example, see the following cases: Alabama Hotel Co. v. J.L. Mott Iron Works, 1924, 86 Fla. 608, 98 So. 825; Perrin v. Enos, Fla. 1952, 56 So.2d 920. Also see Bronson v. Schulten, 1881, 104 U.S. 410, 26 L.Ed. 797.
[18] Ibid note 17 and particularly Alabama Hotel Co. v. J.L. Mott Iron Works.
[19] The subject rule is in full as follows:

"(c) Unaffected by Expiration of Term. The period of time provided for the doing of any act or the taking of any proceeding shall not be affected or limited by the continued existence or expiration of a term of court. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which is and has been pending before it."
[20] 2 Fla.Juris.Extension, Sect. 93. See also Annotation 89 A.L.R. 941, 149 A.L.R. 740.
[21] 19 Fla.Juris. Void Adjudications, Sect. 383 and the cases there cited.
[22] 19 Fla.Juris. Voidable Adjudications, Sect. 382 and the cases there cited.
[23] In several of the cases cited in the footnotes on this point the orders were entered by the Supreme Court dismissing the appeal sua sponte.