PER CURIAM.
The notice of appeal in this cause, filed April 28, 1960, is directed to two orders of the trial court. The first order is dated November 17, 1959, and purports to enter a summary final judgment for the defendant. The second order is dated March 8, 1960, and it is also a summary final judgment for the defendant. A review of the record discloses that the prior order was subsequently vacated on December 9, 1959, and the latter order had the effect of reinstating the court’s original decision to enter summary judgment for the defendant. This appeal must be dismissed sua sponte for the reasons hereinafter set forth.
The order dated November 17, 1959, cannot be reviewed by a notice of appeal filed April 28, 1960, as prohibited by the sixty day rule. F.A.R. Rule 3.2, subd. b, 31 F.S.A. See also Donin v. Goss, Fla.1954, 69 So.2d 316, and Counne v. Saffan, Fla.1956, 87 So.2d 586. After the entry of a summary judgment, there are no motions provided for in the rules which can toll the time for taking an appeal. Cf. Weisberg v. Perl, Fla.1954, 73 So.2d 56.
The order dated March 8, 1960, cannot be reviewed by appeal. F.A.R. Rule 4.5, subd. c. provides for the manner of certiorari review of orders entered after final judgment. This subsequent order must be deemed an order after final judgment as must all orders subsequent to No *683 vember 17, 1959. Atlantic Coast Line Railroad Co. v. Boone, Fla.1956, 85 So.2d 834, 838-839, 57 A.L.R.2d 1186.
Without jurisdiction to entertain review of the orders designated in the notice of appeal, this cause must be dismissed. See Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648.
Appeal dismissed.
HORTON, C. J., and PEARSON, J., and PROBY, LUCIEN C., Associate Judge, concur.