225 So.2d 352 (1969)
Billy W. PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. L-193.
District Court of Appeal of Florida. First District.
July 24, 1969.
Robert B. Staats, Panama City, for appellant.
Earl Faircloth, Atty. Gen., and James Robert Yon, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant has appealed an order rendered by the Circuit Court of Bay County denying his motion to vacate and set aside a judgment of conviction and sentence rendered against him in a proceeding brought pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A. We are unable to reach or pass upon the merits of the case because for the reasons hereinafter stated this court lacks jurisdiction of the appeal.
From the record it is established that appellant pleaded guilty, was adjudged guilty and sentenced to a term of imprisonment in the state prison by judgment rendered on August 5, 1968. Appellant promptly filed a motion to vacate and set aside his judgment and sentence pursuant to the provisions of Rule 1.850, Florida Rules of Criminal Procedure. In due course a final order was rendered by the court on October 10, 1968, denying the motion and the relief prayed thereby. The thirty-day time limitation for seeking appellate review of this order as required by the applicable Florida appellate rule[1] commenced to run from the *353 date the judgment was rendered on October 10, 1968, unless such time was tolled by the timely filing of a proper motion or petition for rehearing.[2] Appellant's notice of appeal was filed January 14, 1969.
The applicable rule of civil procedure requires that a motion or petition for rehearing must be filed not later than ten days after rendition of the judgment or order to which it is directed.[3] The petition for rehearing filed by appellant herein directed to the order denying his motion to vacate judgment and sentence was not filed until November 12, 1968, more than thirty days after rendition of the order sought to be reviewed. Such motion, having not been timely filed, was a nullity and did not operate to toll or stay the running of the time within which notice of appeal was required to be filed. In Kippy Corporation v. Colburn,[4] the Supreme Court said:
"So it is that motions and petitions for correction of error by the trial court must be made within the time prescribed by rule or statute, usually 10 days from entry of the order. Rules 2.8, 3.10 and 3.16, F.R.C.P. Unless a proper motion or petition is filed within the alloted time the order becomes absolute and except as provided by the rules, notably Rule 1.38 and Rule 2.8, F.R.C.P., the trial court has no authority to alter, modify or vacate the substance of the order. * * *"
In the case of Bannister v. Allen[5] the Third District Court of Appeal was confronted with a factual situation identical in all material respects with that present in the case sub judice. In concluding that it was without jurisdiction to consider the appeal in that case, the District Court said:
"* * * The decree appealed from was recorded May 9, 1960. A petition for rehearing was served and filed May 23, 1960, after the 10-day period allowed by rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A. for the serving of such a petition. The notice of appeal was filed August 25, 1960, more than 60 days after the rendition of the decree. See rules 1.3 and 3.2, subd. b, Florida Appellate Rules, 31 F.S.A. Because the time for filing appeal from the final decree was not extended for the period of the pendency of the petition for rehearing, as the latter was not timely served, the appeal was not taken within the appealable period. Ibid rule 1.3."
It is so fundamental as to not require citation of supporting authority that the filing of the notice of appeal is jurisdictional, and an appellate court is without authority to exercise its jurisdiction unless *354 the notice is filed within the time and in the manner prescribed by the rules.[6]
Since the notice of appeal in the case sub judice was not filed within thirty days from the rendition of the order sought to be reviewed, and the appeal time was not extended by the timely filing of the petition for rehearing, this court is without jurisdiction to entertain the appeal and it is accordingly dismissed.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] Rule 3.2b, F.A.R., 32 F.S.A.

"Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, unless some shorter period of time for taking an appeal is specifically provided by these rules."
[2] Rule 1.3 (Rendition), F.A.R.

"`Rendition' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
[3] Rule 1.530(b), R.C.P., 31 F.S.A.

"Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined."
[4] Kippy Corporation v. Colburn, (Fla. 1965) 177 So.2d 193, 196, 197. See also Kirby v. Speight, (Fla.App. 1969) 217 So.2d 871.
[5] Bannister v. Allen, (Fla.App. 1961) 127 So.2d 907; See also Ramagli Realty Co. v. Craver, (Fla. 1960) 121 So.2d 648.
[6] State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll, (Fla. 1958) 102 So.2d 129.