246 So.2d 117 (1971)
HOME NEWS PUBLISHING COMPANY, a Corporation, Etc., et al., Appellants,
v.
U-M PUBLISHING, INC., a Corporation, Appellee.
No. O-333.
District Court of Appeal of Florida, First District.
February 25, 1971.
Horton & Schwartz, and Anthony F. Barone, Miami, for appellants.
Glickstein, Crenshaw, Glickstein, Fay & Allen, Jacksonville, for appellee.

ON MOTION TO DISMISS
WIGGINTON, Acting Chief Judge.
Appellants, who were defendants in the trial court in this action at law for breach of contract, seek review by interlocutory appeal of two interlocutory orders rendered by the trial court.
To the complaint filed against them appellants filed their motion to dismiss the action on the ground of improper venue, which motion was denied by order rendered October 28, 1970. Instead of seeking timely review of this order by interlocutory appeal as provided by Rule 4.2, Florida Appellate Rules, 32 F.S.A., appellants filed in the cause what they characterized as a *118 motion for rehearing on their motion to dismiss the action and, in the alternative, motion to transfer venue of the action to Dade County under the doctrine of forum non conveniens as authorized by statute.[1] Appellants' motion was denied by order rendered on November 27, 1970. It is from the order of denial that this appeal is taken by notice of interlocutory appeal filed in the trial court on December 11, 1970. The case is now before this court on appellee's motion to dismiss the appeal for want of jurisdiction.
With regard to the trial court's order denying appellants' motion to dismiss the action on the ground of improper venue which was rendered on October 28, 1970, the rules of appellate procedure require that review of such order by interlocutory appeal be taken within thirty days from the rendition thereof.[2] Since the notice of appeal to review that order denying appellants' motion to dismiss was not filed in the trial court until December 11, 1970, more than thirty days after the order was rendered, the appeal is not timely taken and must be dismissed unless the time for filing the notice of appeal was tolled by the filing of appellants' motion for rehearing.
The rule relating to motions for rehearing in the trial courts of this state is Rule 1.530, Rules of Civil Procedure, 31 F.S.A. This rule provides that: "On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment. * * * A motion for * * * rehearing shall be served not later than 10 days after the * * * entry of judgment in a non-jury action. * * *" A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.[3]
In the case of In Re Estate of Lee,[4] the Supreme Court held that since the judgment of a circuit court sitting in its appellate capacity served as its mandate, no provision was made by law for a petition for rehearing to be directed to such judgment. Based upon this conclusion it held that the filing of such unauthorized petition for rehearing did not toll the running of the time for seeking review of the circuit court's judgment, and the appeal taken out of time from the date the judgment was rendered was dismissed.
In Albert v. Carey[5] the Third District Court of Appeal held that the rules of procedure did not authorize the filing of a petition for rehearing to a summary judgment and, therefore, the time for seeking appellate review of such judgment commenced to run from the date of its rendition and not from the date on which the petition for rehearing was denied. This decision was based upon the prior decision *119 of LaJoie v. General Motors Acceptance Corporation[6] rendered by the Second District Court of Appeal which reached a similar conclusion.
We therefore interpret Rule 1.530, Rules of Civil Procedure, to authorize the filing of motions for rehearing on matters heard without a jury only to judgments rendered by the court and not to interlocutory orders. Having so construed the rule, it follows that the motion for rehearing filed by appellants herein and directed to the trial court's order denying their motion to dismiss the action because of improper venue was not authorized by the rules of practice and its filing did not toll the running of the time for seeking review of the order by interlocutory appeal pursuant to Rule 4.2, F.A.R. The appeal as related to the order denying appellants' motion to dismiss the action was therefore untimely taken, and appellee's motion to dismiss that part of the appeal relating to the order on venue is granted. We point out, however, that this dismissal will not bar review of the court's ruling on an appeal from such final judgment as may ultimately be rendered in this case.[7]
Appellants' alternative motion to transfer this cause to Dade County under the doctrine of forum non conveniens was timely filed, and the notice of appeal to review the court's order denying that motion was filed within the thirty-day time period required by the rules. It is noted, however, that the order denying appellants' motion for transfer, having been rendered in an action at law and being interlocutory in character, is not reviewable under Rule 4.2, F.A.R., because it does not fall within the classification of orders which may be interlocutorily reviewed pursuant to the provisions of that rule. We hold, however, that the question presented under appellants' second assignment of error and argued in the second point on appeal in its brief relating to the order denying transfer of the action may, in this court's discretion, be reviewed by common law certiorari. The notice of appeal directed to the trial court's order denying appellants' motion to transfer this cause to Dade County under the doctrine of forum non conveniens is treated as a petition for writ of certiorari, and this cause shall proceed to a determination of the merits of this question in the same manner as if review had initially been sought by certiorari.[8] Appellee's motion to dismiss the appeal with respect to appellants' second assignment of error as argued in point two of its brief is therefore denied.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] F.S. § 47.122, F.S.A.

"For he convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
[2] Rule 4.2(b), F.A.R.
[3] Rule 1.3, Definitions  Rendition, F.A.R.
[4] In Re Estate of Lee (Fla. 1956), 90 So.2d 290.
[5] Albert v. Carey (Fla.App. 1960), 120 So.2d 189.
[6] LaJoie v. General Motors Acceptance Corporation (Fla.App. 1959), 108 So.2d 497.
[7] Rule 4.2(a), F.A.R.
[8] F.S. § 59.45, F.S.A.

"If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court."