263 So.2d 1 (1972)
Walter W. WAGNER, Petitioner,
v.
BIELEY, WAGNER & ASSOCIATES, INC., a Florida Corporation, Respondent.
No. 41546.
Supreme Court of Florida.
May 10, 1972.
Rehearing Denied June 28, 1972.
*2 Peter L. Nimkoff, of August, Nimkoff & Gladstone, Miami, for petitioner.
Stanley Jay Bartel, of Paul, Landy, Beiley & Bartel, and Alfred D. Bieley, Miami, for respondent.
McCAIN, Justice.
By petition for writ of certiorari, we have for review an order of the District Court of Appeal, Third District, which allegedly conflicts with a prior decision of the District Court of Appeal, First District [Home News Publishing Company v. U-M Publishing, Inc., 246 So.2d 117 (Fla.App. 1st, 1971)], on the same point of law. Fla. Const., Article V, Section 4(2), F.S.A.
Respondent brought an action to enforce a termination agreement, to enjoin unlawful competition and for punitive and compensatory damages against petitioner in the Circuit Court, Dade County. On October 23, 1970, after petitioner had filed an answer, respondent moved for summary judgment on the issue of liability. The motion was denied on January 6, 1971. Thereafter, on January 15, 1971, respondent filed a pleading denominated "Motion for Rehearing" directed to the denial of summary judgment. This motion was denied on March 9, 1971, and notice of interlocutory appeal was filed with the District Court on April 8, 1971, more than 30 days after entry of the original order denying summary judgment, but within 30 days of the rehearing denial.
Petitioner moved to quash the appeal on the ground, inter alia, that it was untimely filed. He argued that the Rules of Civil Procedure do not permit a motion for rehearing directed to an order denying summary judgment; accordingly, the pendency of such a motion does not toll the time for filing notice of interlocutory appeal under Rule 4.2, F.A.R., 32 F.S.A. The District Court denied petitioner's motion to quash in a form order, necessarily holding the appeal timely, and therefore impliedly ruling that the motion for rehearing at the trial level was permissible and operated to stay the running of the appeal time.
For conflict petitioner refers us to Home News Publishing Co. v. U-M Publishing Inc., supra. In that case, plaintiffs moved to dismiss the action on the ground of improper venue, which motion was denied by order rendered in the trial court on October 28, 1970. Plaintiffs then filed a motion for rehearing which was in turn denied by order rendered November 27, 1970. Notice of interlocutory appeal was filed on December 11, 1970. The District Court concluded that Rule 1.530, R.C.P., 31 F.S.A., authorized the filing of motions for rehearing on matters heard without a jury only as to judgments rendered by the court and not as to interlocutory orders. Therefore, it followed that the filing of the motion for rehearing did not toll the running of the time for seeking review of the order by interlocutory appeal pursuant to Rule 4.2, F.A.R. Accordingly, the District Court dismissed that portion of plaintiff's appeal directed to the rehearing denial rendered on November 27, 1970. We agree with petitioner that this case collides in principle with the decision of the Third District Court of Appeal in the instant case and we have taken jurisdiction to resolve such conflict.
Motions for rehearing in trial courts are governed by Rule 1.530(a) and (b), R.C.P., which provides in part:
"(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters *3 heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
"(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action... ."
With regard to the meaning and effect of this rule, we agree with the District Court of Appeal, First District, in Home News Publishing Company, supra, that:
"... A literal interpretation of the rule would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about."
The authority for the District Court's latter statement that an unauthorized motion or petition will not toll the running of the time for seeking appellate review of the order complained about is to be found in Rule 1.3, F.A.R., "Rendition" which states in part:
"... Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of." (Emphasis supplied.)
This rule in turn is referable to Rule 4.2(b), F.A.R. which provides that notice of interlocutory appeal shall be filed within 30 days of the rendition of the decision, order, judgment or decree sought to be reviewed. Thus, a timely and proper motion for rehearing, permitted by the Civil Rules, will operate to suspend "rendition" during its pendency. An unauthorized motion not permitted by the Rules, such as respondent's motion for rehearing in this case, would have no effect on rendition and would thus have no effect on the time for filing notice of appeal.
In arriving at this conclusion, we have been guided by existing precedent in several analogous situations. In 1962, Rule 2.8, R.C.P. [now Rule 1.530, supra] was amended to permit petitions for rehearing directed to trial court orders or decrees granting summary judgment. This change in the Rules resulted in large measure from an unbroken line of decisions of this Court and various District Courts of Appeal to the effect that because the Rules did not permit petitions for rehearing directed to summary judgments, the pendency of such petitions could not and did not operate to toll the time for filing notice of appeal. See Weisberg v. Perl, 73 So.2d 56 (Fla. 1954); Counne v. Saffan, 87 So.2d 586 (Fla. 1956); La Joie v. General Motors Acceptance Corporation, 108 So.2d 497 (Fla.App.2d, 1959); Albert v. Carey, 120 So.2d 189 (Fla.App.3rd, 1960); and Aurremma v. B-Thrifty Super Market, Inc., 127 So.2d 682 (Fla.App.3rd, 1961).[1]
LaJoie v. General Motors Acceptance Corporation, supra, is representative of the *4 "pre-amendment" decisions. In that case the trial court granted summary judgment in favor of appellee; appellant thereupon filed a motion for new trial. This latter motion was denied by the trial court, and notice of appeal was filed 89 days after the recording of the summary final judgment. The Second District Court dismissed the appeal ex mero motu as untimely, stating:
"A motion for a new trial or a petition for rehearing consequent upon summary final judgment is not authorized under any court rule or statute as a procedure to attack or review a summary final judgment in a law action. The filing of such motion or petition does not toll or stay the running of the time of the appeal period from the date of the recording of the summary final judgment. The method of review of a summary final judgment is by direct appeal as provided by the statutes and court rules governing appeals from a final judgment in law actions... ."
Respondent argues that the decision of this Court in Floyd v. State ex rel. La Vigne Electric Company, 139 So.2d 873 (Fla. 1962) dictates a different result. However, we think the rationale of Floyd is inapplicable to the present situation. There, we held that a trial judge retains the power, after judgment, to sua sponte correct errors in his own judgment; we did not announce any rule permitting a party to file unauthorized motions subsequent to the judgment, order or decree of the trial court; nor were we concerned with the effect of postdecretal motions on the time for filing an appeal. Indeed, in Floyd we noted the recent decision of this Court in Counne v. Saffan, supra (one of the pre-amendment cases discussed above), but concluded that the Counne and Floyd rationales did not collide. Concerning Counne, we noted in Floyd: "The court there held, in effect, that inasmuch as there was no rule providing for an attack, by petition for rehearing, on a summary judgment, the filing of one would not extend the time for taking an appeal and the period would, therefore, be computed from the date of the final judgment."
Our rules as currently amended do not permit motions for rehearing directed to interlocutory orders, such as orders denying summary judgment; accordingly, such motions cannot operate to toll the time for filing an interlocutory appeal under the Rules. We point out, however, as did the First District Court in Home News Publishing, supra, that dismissal of an interlocutory appeal for untimeliness will not bar review of the trial court's ruling on a full appeal from such final judgment as may ultimately be rendered in the case. Rule 4.2(a), F.A.R.
It is the judgment of this Court, therefore, that the District Court of Appeal, Third District, erred in denying petitioner's motion to quash respondent's interlocutory appeal on grounds of untimeliness. The order of that court is hereby quashed and the cause remanded to the District Court of Appeal, Third District, with instructions to quash respondent's appeal and to remand the cause to the trial court for further proceedings.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.
DEKLE, J., dissents with Opinion.
DEKLE, Justice (dissenting).
I find no conflict. Home News cited for conflict was a jury action at law. The case at bar is an equity cause "without a jury" and is therefore "a matter heard without a jury" under Florida Civil Procedure Rule 1.530(a) upon which the cause under review was based. Secondly, Home News did not involve a summary judgment which may be dispositive of the case as here; it was a motion to dismiss on the ground of improper venue. Thirdly, Home *5 News meant that the court would not engraft a rehearing procedure upon an action at law which did not involve summary judgment. There is good reason for such holding and for such provision in the Rule where there is no summary judgment involved which could be dispositive of the case. There it was interlocutory.
The present case simply resolves the issue based upon the wording of Rule 1.530(a).[1] It specifically permits rehearings in "matters heard without a jury, including summary judgments." This language does not say "from a grant of summary judgment"; rather, it authorizes rehearings as to any "matters heard without a jury, including summary judgments," whether granted or denied.
A trial court should be afforded the opportunity by appropriate motion to correct its errors before there is an appeal. Our recent holding on rehearing in Goode v. Hialeah Race Course, Inc., 246 So.2d 105, at 106 (Fla. 1971), is in accord with this view in Mr. Justice Adkins' concise opinion (in which the present panel each concurred):
"Where an opinion is rendered on rehearing granted, a party should be given an opportunity to call matters to the attention of the Court which might have been overlooked in the rendition of the opinion or decision on rehearing... ." (Emphasis supplied.)
The principle is the same here. Without such a provision there is really no means provided to correct the court's error and it forces an appeal to do so.
Our appellate dockets grow heavier each term and every means possible to hold down the number of cases under review where unnecessary should be employed in order to speed up the appellate process on justifiable and essential appeals, just as we have effectively pursued the acceleration of court trials.
I would accordingly most respectfully dissent and would uphold the Third District.
NOTES
[1] For other situations involving unauthorized postjudgment motions and their effect on timeliness of appeals, see In re Estate of Lee, 90 So.2d 290 (Fla. 1956); Marans v. Stang, 124 So.2d 891 (Fla. App.3rd, 1960); Mathis v. Butler, 128 So.2d 142 (Fla.App.2d 1961); and Pitts v. State, 225 So.2d 352 (Fla.App.1st, 1969).
[1] Rule 1.530(a): "Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.