OWEN, Chief Judge.
In this suit for injunction and other relief, plaintiff was ordered (pursuant to Rule 1.380, R.C.P.) to produce certain records and documents. This order, dated March 11, 1974, was “rendered” when filed on March 12, 1974. Notice of Interlocutory Appeal was filed May 10, 1974. Being more than thirty days after rendition of the order dated March 11th, the notice of appeal was untimely as to it. Rule 4.2(b), F.A.R. The court is without jurisdiction to review that order, and the appeal as to it must be dismissed.
Appellant filed an untimely motion for rehearing addressed to the court’s order of March 11th, which motion was subsequently denied by an order entered April 11th. Even had the motion for rehearing been timely filed, the Rules of Civil Procedure do not authorize or permit a motion or petition for rehearing addressed to an interlocutory order compelling a party to make discovery, and thus, the filing of such a motion would not be effective to toll the “rendition” date of the March 11th *679 order. Wagner v. Bieley, Wagner & Associates, Inc., Fla.1972, 263 So.2d 1.
The notice of interlocutory appeal also designated the order of April 11th as being appealed. Although the notice of appeal was timely as to the order denying rehearing, an appeal from that order does not bring up for appellate review the correctness of other interlocutory orders previously entered in the cause. Windowmaster Corp. v. James A. Knowles, Inc., Fla. App.1966, 193 So.2d 46.
Appeal dismissed.
WALDEN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.