705 So.2d 920 (1997)
Vera Alene REMINGTON, Appellant,
v.
Mark E. REMINGTON, Appellee.
No. 96-2872.
District Court of Appeal of Florida, Fourth District.
December 24, 1997.
Gary S. Israel of Gary S. Israel, P.A., West Palm Beach, for appellant.
*921 Lynn G. Waxman of Lynn G. Waxman, P.A. and Warren Brams, West Palm Beach, for appellee.
PER CURIAM.
This appeal arose from post-dissolution contempt proceedings initiated by the former wife/mother based on the former husband/father's failure to pay child support arrearages and insurance premiums. The case was referred to a general master, who prepared a separate report on each issue.
Regarding the issue of child support arrearages, the trial court entered a May 17, 1996, order which adopted the general master's report. The trial court determined the arrearage amount to be $7,362.80 and that the former wife was entitled to interest. The court held the former husband in contempt for failure to pay child support and it ordered him to jail with the purge provision of paying $75.00 per week. On May 29th, the former wife filed a motion for rehearing and clarification, which motion computed the interest and sought judgment for the child support arrearage and interest.
Regarding the issue of insurance premiums, the general master's May 31st report recommended that the contempt motion be denied, but that the former wife be reimbursed for the insurance premiums she had paid. The former husband filed timely exceptions to this report.
On July 24th, the trial court entered an order entitled, "ORDER RE: EXCEPTIONS TO REPORT OF MAY 31, 1996 AND FORMER WIFE'S MOTION FOR REHEARING." The text of the order does not address the former wife's motion for rehearing on the issue of child support arrearages; therefore, there was no ruling upon same. On the issue of the insurance premiums, the order accepted the general master's report in part and declined to hold the former husband in contempt. The former wife appeals on both issues.
In rejecting the general master's conclusion that the former wife was entitled to be reimbursed for the premiums she paid on the $100,000 life insurance policy, the trial court primarily relied upon its conclusion that the evidence did not support the general master's finding that the former wife's interest was not protected because the $25,000 replacement policy named the new wife rather than the former wife as a beneficiary. We find no error in the trial court's action with regard to the insurance premiums and affirm that part of the appeal.
We reverse and remand, however, as to the trial court's failure to calculate and set forth the amount of prejudgment interest due the former wife on the child support arrearage owed by the former husband. It is clear that the payee of a support arrearage is entitled to an award of prejudgment interest on such arrearage. See, e.g., Thurman v. Thurman, 637 So.2d 64 (Fla. 1st DCA 1994).
The former husband contends that this court lacks jurisdiction to review the arrearage issue because the former wife's notice of appeal was not timely as to this issue. The basis of the former husband's position is that an appeal from a post-dissolution contempt order is non-final and a motion for rehearing directed toward a non-final order is an unauthorized motion which does not toll the time for filing an appeal. For the reasons discussed below, we conclude that the law authorizes a motion for rehearing directed at a post-judgment contempt order fixing support arrearages. Accordingly, the time for filing the notice of appeal in this case was tolled and the appeal was timely.
This court has held that a post-judgment contempt order in a dissolution proceeding "is reviewable as an appeal from a non-final order entered after final judgment pursuant to Rule 9.130(a)(4), Florida Rules of Appellate Procedure." Dehler v. Dehler, 639 So.2d 1128 (Fla. 4th DCA 1994); see also Alves v. Barnett Mortgage Co., 688 So.2d 459, 460 n. 1 (Fla. 4th DCA 1997). However, the holding of Dehler merely describes the procedural rule authorizing the appeal; it does not characterize a post-judgment contempt order as being "non-final" for all purposes. The position espoused by the former husband confuses the procedural pathway by which an order travels to this court for review with the "finality" of an order which makes a motion for rehearing proper.
*922 Only a motion for rehearing authorized by the Rules of Civil Procedure will suspend rendition of an order under the appellate rules. Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1 (Fla.1972). As the supreme court explained:
[A] timely and proper motion for rehearing, permitted by the Civil Rules, will operate to suspend `rendition' during its pendency. An unauthorized motion not permitted by the Rules, such as respondent's motion for rehearing in this case, would have no effect on rendition and would thus have no effect on the time for filing notice of appeal.
Id. at 3. Wagner held that because the civil rules did not authorize a motion for rehearing of an interlocutory order denying summary judgment, the filing of such a motion did not toll the time for filing a notice of appeal.
Rule 9.020(h), Florida Rules of Appellate Procedure, provides that "an authorized and timely motion for new trial or rehearing" suspends rendition of a final order until the filing of a signed written order disposing of the motion. The time of "rendition" is crucial since the time for filing a notice of appeal is measured from the "rendition of the order to be reviewed." Fla. R.App. P. 9.110(b).
The crucial inquiry for this case is whether the motion for rehearing was "authorized" by the Rules of Civil Procedure, within the meaning of Rule 9.020(h). Florida Rule of Civil Procedure 1.530(b) permits the filing of a motion for rehearing within 10 days after the "filing of the judgment" in a non-jury action. In Wagner, the supreme court construed the term "judgment" to mean a final judgment rendered by the court.
A literal interpretation of [Rule 1.530] would seem to indicate that a motion for rehearing may be directed only to final judgments rendered by a court, since that is the only judicial action specified in the rule authorizing the filing of such a motion. If the rule-making authority had intended to authorize the filing of a motion for rehearing directed to an interlocutory order, it could easily have so provided. Unless the filing of a motion for rehearing to an interlocutory order is authorized by a rule of court promulgated by the rule-making authority, then its filing is improper and would not toll the rendition date of the order or the running of the time for seeking appellate review of the order complained about.
Wagner, 263 So.2d at 3 (citing Home News Publ'g Co. v. U-M Publ'g, Inc., 246 So.2d 117 (Fla. 1st DCA 1971)).
Wagner did not confront the issue of whether a post-judgment order could be "final," so that a motion for rehearing would be authorized. The supreme court squarely addressed that situation in Clearwater Federal Savings & Loan Ass'n v. Sampson, 336 So.2d 78 (Fla.1976). There, the court held that a motion for rehearing was authorized when directed at a post-decretal order which comprises a "final" ruling on some portion of the case arising after the entry of final judgment. The supreme court in Clearwater distinguished a certain type of post-judgment order from the interlocutory order that had been the subject in Wagner.
Post decretal orders are not true interlocutory orders, and perhaps the term `interlocutory' is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.

Clearwater, 336 So.2d at 79 (emphasis supplied). Clearwater was a mortgage foreclosure case and the post-judgment order, for which a motion for rehearing was authorized, was an order directing payment of funds deposited into the court registry during the pendency of the case.
The May 17th contempt order in this case liquidated the child support amount at $7,362.80. This type of order is a final decretal order under Clearwater; it is a final adjudication of a monetary delinquency that *923 arose after the final judgment. In a slightly different context, the fifth district has held that that portion of a contempt order involving the calculation of support arrearages is a final order, so that the doctrine of res judicata precludes the losing party from relitigating the calculation in a later stage of the proceeding. See Department of Health & Rehabilitative Servs. v. Beckwith, 624 So.2d 395 (Fla. 5th DCA 1993); Department of Health & Rehabilitative Servs. v. Wood, 600 So.2d 1298, 1300 (Fla. 5th DCA 1992). Because the May 17th contempt order was final under Clearwater, the May 29th motion for rehearing tolled the time for filing the notice of appeal and the former wife's notice of appeal was timely as filed.
The confusion in this area arises because post-judgment contempt orders are appealable under a rule entitled "Proceedings to Review Non-Final Orders." As one commentator has observed, "[a]lthough Rule 9.130(a)(4) generally refers to post-judgment orders as `non-final orders', many such orders could be correctly characterized as final orders" under Clearwater. Philip J. Padovano, Florida Appellate Practice § 18.11 (1988). The non-final/final distinction is significant primarily in cases such as this, where the appellant seeks to extend the time for filing a notice of appeal by filing a motion for rehearing. On a practical level, motions for rehearing should be allowed in cases involving support arrearages, since such cases are fact sensitive and math intensive, and rehearing motions can alert the trial court to an error which can be expeditiously corrected without the necessity of an appeal.
GLICKSTEIN, POLEN and GROSS, JJ., concur.