HORTON, Judge.'
The defendant seeks review of an adverse final summary judgment entered consequent upon the granting by the trial court of the plaintiff’s motion for summary judgment.
Plaintiff placed an order with defendant for uncoated steel wire to be used in the manufacture of prestressed concrete. The wire was to be delivered on wooden reels with tar paper lining inside the reels and wooden blinds around the reels. Defendant warranted that the wire would meet certain American Society of Testing Materials specifications. Some time after delivery of the wire plaintiff found that it was rusted and pitted and did not meet these specifications. Nor was it packaged as specified. Plaintiff then brought this action seeking to recover from defendant for breach of warranty. Defendant answered in the nature of a general denial. Subsequently, plaintiff moved for summary judgment. Having examined the court file, including the pleadings, and heard the argument of counsel, the court found there was no genuine issue as to any material fact and that plaintiff was entitled to a judgment as a matter of law. It therefore granted plaintiff’s motion and entered the judgment appealed.
It is conceded by the parties that the deposition of defendant’s president, which was properly and timely filed, was not considered by- the .court when it made its ruling on plaintiff’s motion. This oversight was called to the court's attention during the hearing on defendant’s petition for rehearing. The court found that in view of the decision in State ex rel. La Vigne Electric Company v. Floyd, Fla.App.1961, 131 So.2d 208,[1] it was without jurisdiction to entertain .the- petition for rehearing. Defendant then brought this appeal.
The determinative question here is whether the trial court erred in granting plaintiff’s motion for summary judgment. We hold that it did. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A., provides :
“The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.” [Emphasis supplied]
The procedure set forth in this rule contemplates an examination of all pleadings, affidavits, depositions and admissions on file with a view toward determining whether there, is present in a given case a genuine issue of material fact.
 Since it is conceded that the deposition of defendant’s president was not considered by the court at the time of the granting of the plaintiff’s motion for summary judgment, we can only speculate as to what his decision might have been had this deposition been brought to his attention. Nevertheless, we have examined the record, including the deposition of defendant’s president, and it appears that there are present in this case genuine issues of fact which should be submitted to a jury, i. e., (1) did the wire meet A.S.T.M. specifications when delivered? and, if so, (2) was the rusting and pitting due to defendant’s failure to properly package it or to plaintiff’s negligence in storing it outdoors for a protracted period?
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. It should be noted that the decision in this case was quashed by the Supreme Court of Florida in Floyd v. State ex rel. La. Vigne Electric Co., Fla.1962, 139 So.2d 873, (opinion dated March 21, 1962).