FULMER, Judge.
Appellants W. Scott Standafer and James Czachowski raise several issues challenging the determination, in a jury trial, that appel-lee Fred Schaller was not liable for negligent misrepresentation or civil theft in the sale of a rare gold coin to Standafer and Czachow-ski. We find merit only in the challenge to the trial court’s award of attorney’s fees to Schaller under the ciyil theft statute, section 772.11, Florida Statutes (1997).
The trial court awarded attorney’s fees to Schaller based on its finding that “the jury did not find by clear and convincing evidence that Schaller knowingly and unlawfully obtained the property of the Plaintiffs with the intent to, either temporarily or permanently, appropriate the property of Plaintiff to his own use.” This “clear and convincing” standard would have been correct under section 772.11 had the trial court been awarding attorney’s fees to a prevailing plaintiff, but the statute allows an award of attorney’s fees to a defendant only if the trial court determines that the plaintiffs claim was “without substantial fact or legal support”:
772.11 Civil remedy for theft. — Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violations of the provisions of ss. 812.012-812.037 has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the *353 amount of $200, and reasonable attorney’s fees and court costs in the trial and appellate courts.... The defendant shall be entitled to recover reasonable attorney’s fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. Nothing under this section shall be interpreted as limiting any right to recover attorney’s fees or costs provided under other provisions of law.
(Emphasis added).
The standard to be applied under the civil theft statute is less stringent than the frivolous suit standard contained in section 57.105, Florida Statutes '(1997). See Bronson v. Bronson, 685 So.2d 994 (Fla. 5th DCA 1997). However, the clear language of the statute appears to require more than that the defendant be the prevailing party because the failure of a plaintiff to prevail on a civil theft claim by clear and convincing evidence does not necessarily mean that the claim was without substantial fact or legal support.
In this case, the trial court made no express finding that the plaintiffs’ claim was without substantial fact or legal support and we have no record of the fee hearing from which we might conclude that the trial court made such a determination. Therefore, because we are unable to conclude that the trial court applied the correct standard in making its award, we reverse and remand for reconsideration on the issue of attorney’s fees. If the trial court determines that Schaller is not entitled to attorney’s fees under section 772.11, then it must consider whether Sehal-ler’s offer of judgment entitles him to attorney’s fees under section 768.79, Florida Statutes (1997).
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., Concur.