784 So.2d 474 (2001)
Nadia L. VALDES, Appellant,
v.
Dr. Gregory C. LOVAAS, M.D., Appellee.
No. 3D00-1821.
District Court of Appeal of Florida, Third District.
March 14, 2001.
Gonzalo R. Dorta, P.A. Miami, and Jorge E. Silva, Miami, for appellant.
Steven N. Abramowitz, Miami, for appellee.
*475 Before GREEN, SHEVIN, and SORONDO, JJ.
GREEN, J.
This is an appeal from an order awarding attorney's fees to the plaintiff/appellee under section 57.105, Florida Statutes (1995).[1] The order on appeal assesses one-half of the total fee award against the appellant, Nadia L. Valdez, who was the attorney for the defendant in the proceedings below without any oral or written findings as to this attorney's lack of good faith. We reverse.
This court has held that:
[i]n assessing attorneys' fees under [section 57.105], the trial court must find that there was a complete absence of justiciable issue of either law or fact raised by the defendant ... below. Additionally, in order to assess fees against the [lawyer], the trial court must also find that `the losing party's attorney did not act in good faith, based on the representations of his or her client.' (Emphasis added).
Russo & Baker, P.A. v. Fernandez, 752 So.2d 716, 717 (Fla. 3d DCA 2000). Although the appellee's arguments imply that the trial court made such findings, there is nothing in the record before us to assure that the requisite findings were made. Thus, the order under review is reversed,[2] and the cause is remanded to the trial court for further proceedings consistent with those directed in Broad & Cassel v. Newport Motel, Inc., 636 So.2d 590, 591 (Fla. 3d DCA 1994).
Reversed and remanded with instructions.
NOTES
[1] The applicable provision of section 57.105 provides:

(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.
[2] Our holding is not meant to imply that we disagree with the imposition of sanctions here. Rather, we merely find that the record before us is devoid of the findings necessary for the imposition of such sanctions.