*730
ON MOTION FOR REHEARING

GROSS, J.
Appellants, E-Z Marine Supply, Inc., and Marvin J. Griesan, move for rehearing of our April 5, 2004 order dismissing this appeal as being untimely filed.
The appeal involves a non-final order entered on November 21, 2003; the notice of appeal was filed on March 3, 2004. Appellants argue that a motion for rehearing tolled the time for filing the notice of appeal. However, because the motion for rehearing was unauthorized, it did not toll the time for filing the notice of appeal.
This is a non-final appeal of an order compelling a commercial mortgagor to make payments and obtain insurance on property pending foreclosure. Within ten days of the order, appellants filed a motion for rehearing. However, as we wrote in Remington v. Remington, 705 So.2d 920, 922 (Fla. 4th DCA 1997),
[o]nly a motion for rehearing authorized by the Rules of Civil Procedure will suspend rendition of an order under the appellate rules. Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1 (Fla.1972). As the supreme court explained:
[A] timely and proper motion for rehearing, permitted by the Civil Rules, will operate to suspend ‘rendition’ during its pendency. An unauthorized motion not permitted by the Rules, such as respondent’s motion for rehearing in this case, would have no effect on rendition and would thus have no effect on the time for filing notice of appeal.
Id. at 3. Wagner held that because the civil rules did not authorize a motion for rehearing of an interlocutory order denying summary judgment, the filing of such a motion did not toll the time for filing a notice of appeal.
We find no provision in the Florida Rules of Civil Procedure that authorizes a motion for rehearing directed at the type of order appealed in this case. Florida Rule of Civil Procedure 1.530(b) permits the filing of a motion for rehearing within ten days after the “filing of the judgment in a non-jury action.” “Rule 1.530 has been consistently construed to authorize rehearings only of orders and judgments which are final in nature.” Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001).
The interlocutory order in this case, which provided for payments during the pendency of the underlying lawsuit, was not “final in nature.” The motion for rehearing did not toll the time for filing of the notice of appeal. Deal, 783 So.2d at 321; Hoffman v. Dickerson, 692 So.2d 316 (Fla. 5th DCA 1997). The notice of appeal was not filed within thirty days of rendition of the order to be reviewed. See Fla. R.App. P. 9.130(b). The previously entered dismissal was therefore proper.
The motion for rehearing is denied.
STEVENSON and TAYLOR, JJ., concur.