977 So.2d 745 (2008)
Gerald TOBIN, Appellant,
v.
Jonathan E. BURSCH, Appellee.
No. 3D02-3294.
District Court of Appeal of Florida, Third District.
March 26, 2008.
Howard Brodsky, Miami, for appellant.
Jonathan E. Bursch, in proper person.
Before COPE, SUAREZ, and ROTHENBERG, JJ.
PER CURIAM.
The defendant, Gerald Tobin ("Tobin"), appeals the denial of his motion for attorney's fees pursuant to subsection 57.105(1), Florida Statutes (2002).[1] We reverse and remand.
*747 The plaintiffs, Jonathan E. Bursch, Raymond Bursch, and Deborah Bursch, filed a legal malpractice action against Tobin. Although Tobin's appeal proceeded and was resolved in Tobin's favor as to Raymond and Deborah Bursch, this Court granted Jonathan E. Bursch's motion to stay the appeal as to him. We now issue this opinion regarding Tobin's claim against Jonathan E. Bursch.
The plaintiffs alleged that Tobin represented them in a real estate transaction in which they purchased a five-acre parcel which was landlocked. They further alleged that they did not discover that the parcel was landlocked until they attempted to sell the property and that, if they had known that the parcel was landlocked, they would not have purchased it.
After the plaintiffs filed a voluntary dismissal, Tobin filed a motion for entitlement of attorney's fees pursuant to subsection 57.105(1), seeking fees against the plaintiffs and plaintiffs' counsel. Tobin presented the affidavit of an attorney who had represented the plaintiffs in this real estate transaction until being discharged by the plaintiffs. The attorney averred that in April 1989, Raymond Bursch contacted and hired a land surveyor to survey the property. After the survey was performed, Raymond gave the attorney a copy of the survey and correspondence received from the surveyor. Upon reviewing the survey and correspondence, the attorney immediately notified Raymond that the property was landlocked. The surveyor also filed an affidavit averring that there is no doubt that Raymond knew that the property was landlocked.
Following a hearing, the trial court entered an order denying Tobin's motion for attorney's fees. Tobin appealed the trial court's order denying his motion for attorney's fees, and on March 30, 2005, this Court reversed and remanded as to Raymond Bursch and Deborah Bursch.[2]
Based on the affidavits of the plaintiffs' previous attorney and of the surveyor who surveyed the parcel, the plaintiffs had no factual basis to support their allegations against Tobin. The affidavits state under oath that the plaintiffs purchased the five-acre parcel knowing that it was landlocked. Additionally, we note that in the pro se answer brief filed by Raymond and Deborah Bursch in the companion appeal, they confirmed that the plaintiffs knew that the property was landlocked.
Accordingly, as in the appeal against Raymond Bursch and Deborah Bursch, we reverse the denial of the motion for attorney's fees as to Jonathan E. Bursch and remand. Upon remand, the trial court is directed to hold an evidentiary hearing to determine whether Jonathan E. Bursch's attorney "acted in good faith, based on the representations of his or her client as to the existence of those material facts." § 57.105(1), Fla. Stat. (2002). If the trial court determines that his attorney acted in good faith, fees are to be assessed only against Jonathan E. Bursch.
Reversed and remanded.
NOTES
[1] Subsection 57.105(1) provides as follows:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
[2] Raymond and Deborah Bursch were granted a stay regarding their pending motion for rehearing, based upon their request to carry the motion with Jonathan E. Bursch's appeal. Because we have now ruled on Tobin's appeal against Jonathan E. Bursch, we have ruled on Raymond and Deborah Bursch's motion for rehearing, denying same.