987 So.2d 1292 (2008)
Mark PERLMAN, Esq. and Mark Perlman, P.A., Appellants,
v.
AMERIQUEST MORTGAGE COMPANY, Betty Suttlemyer, Ioan Marton, Charles Rouleau, Shawn Hart, Travelers Casualty and Surety Company of America and Mortgage Information Services, Inc., Appellees.
Nos. 4D07-1934, 4D07-3533.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
Mark Perlman of Mark Perlman, P.A., Hallandale Beach, for appellants.
John H. Pelzer and Robin F. Hazel of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee Ameriquest Mortgage Company.
Marc A. Silverman of Frank, Weinberg & Black, P.L., Plantation, for appellee Shawn Hart.
Ty G. Thompson of Mills Paskert Divers P.A., Tampa, for appellee Travelers Casualty and Surety Company of America.
Jonathan M. Streisfeld and Thomas R. Tatum of Brinkley, Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, LLP, Fort Lauderdale, for appellee Mortgage Information Services, Inc.
STEVENSON, J.
In this consolidated appeal, Attorney Mark Perlman appeals orders awarding section 57.105 attorney's fees, payable by Perlman and his former client, to appellees Ameriquest Mortgage Company, Shawn Hart, and Travelers Casualty and Surety Company of America and an order denying his rule 1.540 motion seeking relief from the section 57.105 fee judgment entered against him and his former client and in favor of appellee Mortgage Information Services, Inc. We affirm the order denying Perlman's rule 1.540 motion for relief from judgment without further comment. While Perlman raises a number of challenges to the fee award in favor of appellees Ameriquest, Hart, and Travelers, we find merit in only onehis claim that the fee award must be reversed because the trial court failed to include in its orders awarding such fees an express finding that Perlman had not acted in good faith based upon the representations of his client.
In awarding fees pursuant to section 57.105, Florida Statutes, the trial court must make an express finding that the claim was frivolous and, where the trial court imposes liability for the fee award against counsel, an express finding that the attorney was not acting in good faith based upon the representations of his client. See, e.g., Valdes v. Lovaas, 784 So.2d 474, 475 (Fla. 3d DCA 2001); Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1143 (Fla. 4th DCA 2001). No such finding is included in the orders appealed. We thus reverse the fee judgments to the extent that they require Perlman to pay half of such award and remand the matter to the trial court to either make the required finding regarding Perlman's lack of good faith reliance or deny the imposition of fees as to counsel.
Affirmed in Part; Reversed in Part; and Remanded.
MAY, J., and LABARGA, JORGE, Associate Judge, concur.