CIKLIN, J.
 

 A law firm appeals a final summary judgment entered against its former client and two orders requiring the former client and the law firm itself to each pay 50% of the opposing party’s attorneys’ fees under section 57.105, Florida Statutes (2006).
 
 [1]
 
 Because the trial court did not conduct an evidentiary hearing or otherwise make an express finding that the law firm was not acting in good faith, we must reverse the trial court’s order. We also reverse the
 
 *1248
 
 trial court’s assessment of costs against the law firm because section 57.105 does not permit it.
 

 Appellees Laurence Isaacson, Lori Isaacson, and Promises 10, 11, & 12, Inc. d/b/a Your Salon (collectively “the Isaac-sons”) hired Bernard Skuzinsky (who is not a party to this appeal) to work as a hair stylist and later promoted him to manager of the hair salon. According to Skuzinsky, in addition to making him manager, the Isaacsons verbally offered him a 50% ownership interest in the salon, which he accepted. The Isaacsons contended that at all relevant times, they had a 90% interest in the salon and a third party not involved in this action had a 10% interest.
 

 Mr. Isaacson subsequently terminated Skuzinsky in a written letter (“the termination letter”) and enclosed two checks for hair styling and management services previously rendered. The termination letter expressly stated: “By depositing any and or all of these checks, you hereby release all monetary claims you or your wife, Janice Bates, may have in the past or in the future against us.” Skuzinsky deposited both checks. Shortly after Skuzinsky’s termination, the Isaacsons sold the salon. The sale did not result in a profit as all the proceeds went to pay a portion of the salon’s substantial debt.
 

 In May of 2006, appellants Ainslee Fer-die, Esq., Ferdie & Lones Chartered, and Law Offices of Ainslee Ferdie (collectively “F & L”) filed a three-count complaint on behalf of Skuzinsky against the Isaacsons seeking a declaratory judgment regarding Skuzinsky’s ownership interest, seeking an accounting, and alleging fraud in connection with the purported verbal ownership agreement.
 

 The Isaacsons filed a motion for summary judgment wherein they asserted the affirmative defense of accord and satisfaction and attached verified copies of the termination letter and of the cancelled checks cashed by Skuzinsky. On September 18, 2006, the trial court entered a final summary judgment of dismissal with prejudice based upon accord and satisfaction. Skuzinsky moved unsuccessfully for rehearing. Skuzinsky did not appeal the final summary judgment or the denial of rehearing.
 

 In the summary judgment motion (granted by the court on September 18, 2006), the Isaacsons’ expressly reserved the right to seek section 57.105 attorneys’ fees unless F & L and its client withdrew the complaint within twenty-one days.
 
 [2]
 
 Obviously, Skuzinsky did not withdraw the complaint. After the court granted their summary judgment motion, the Isaacsons filed a motion to impose “sanctions” which included 57.105 attorneys’ fees against both Skuzinsky and F & L.
 

 The trial court conducted two hearings and entered two orders on the Isaacsons’ sanction motion. Following the first hearing, the court, on June 18, 2007, entered an order determining that the Isaacsons were entitled to attorneys’ fees. In so doing, the court found that Skuzinsky knew or should have known that the complaint “[w]as not supported by the material facts necessary to establish the claim” or “[wjould not be supported by the application of then-existing law to those material facts.” The court’s order directed the parties to appear for a second hearing on (1) “the amount of reasonable fees to be awarded” and (2) “whether the amount
 
 *1249
 
 awarded is to be paid in equal amounts by [Skuzinsky] and his attorney.”
 

 During the second hearing,
 
 [3]
 
 the Isaac-sons’ counsel presented expert testimony pertaining to the reasonableness of the attorneys’ fees sought. In response, F & L elicited testimony from its own attorney fee expert. Following F & L’s presentation of expert testimony as to the reasonableness of the attorneys’ fees— and without more — the court terminated the proceedings explaining that it had reserved only thirty minutes for the hearing. When F & L explained it had an additional expert who would testify regarding the good faith exception under section 57.105,
 
 [4]
 
 the court directed F & L to address this issue in an “initial” post-hearing memorandum. F & L complied by filing a memo and attaching numerous documents provided to F & L by Skuzin-sky and which, F & L claimed, supported a conclusion that Skuzinsky had a viable claim.
 

 Apparently upon simply reviewing the evidence presented at the second hearing and F & L’s “initial” memorandum of law, the trial court, on February 21, 2008, awarded $15,988.75 in attorneys’ fees and $2,087.66 in costs to be paid equally by Skuzinsky and F & L. On March 17, 2008, F & L filed a notice of appeal from the trial court’s orders as well as from the original September 18, 2006 final summary judgment (and a October 26, 2006 order denying rehearing).
 

 As a preliminary matter, this court lacks jurisdiction to consider the final summary judgment and the order denying rehearing because the latter was not appealed within thirty days.
 
 See
 
 Fla. RApp. P. 9.110(b) (In order to invoke this court’s jurisdiction, the appellant must file notice “with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.”);
 
 E-Z Marine Supply, Inc. v. Wachovia Commercial Mortgage Inc.,
 
 875 So.2d 729, 730 (Fla. 4th DCA 2004) (“[A] motion for rehearing authorized by the Rules of Civil Procedure will suspend rendition of an order under the appellate rules.”) (citation omitted). Furthermore, the trial court’s decision to reserve ruling on attorneys’ fees did not toll the time in which to appeal the underlying judgment.
 
 See Ulrich v. Eaton Vance Distribs., Inc.,
 
 764 So.2d 731, 733 (Fla. 2d DCA 2000) (“[A] judgment on the merits of a suit is final and appealable even if it reserves jurisdiction to later determine either a party’s entitlement to an attorney’s fee award or the amount to be awarded.”)
 

 This court does have jurisdiction to review the trial court’s June 18, 2007, order determining the Isaacsons’ right to sanctions and the February 21, 2008, order determining the amount (and the financial responsibility apportionment) because F & L appealed the latter order within thirty days.
 
 See Green v. Callahan,
 
 664 So.2d 21, 23 (Fla. 4th DCA 1995) (A party does “not waive his right to contest the issue of entitlement on appeal by failing to appeal the order granting entitlement to attorney’s fees, because the postjudgment order awarding fees was not appealable until the amount of fees was determined.”)
 

 In its order setting the amount and finding F & L 50% liable, the court made the following written findings:
 

 
 *1250
 
 This court finds that the award of attorney’s fees and costs pursuant to § 57.105, Fla. Stat., should be paid in equal amounts by plaintiff and his former counsel. Plaintiffs former counsel filed a post-hearing memorandum of law in which counsel argues that sanctions should not be awarded equally against plaintiff and counsel. However, this memorandum essentially attempts to re-litigate the issue of whether sanctions pursuant to § 57.105, Fla. Stat., should be imposed. This issue was decided by this court on June 18, 2007, when the Court granted defendant’s motion for sanctions.... Therefore this Court finds plaintiffs former counsel has not put forth a sufficient argument why attorney’s fees pursuant to § 57.105, Fla. Stat., should not be imposed equally between plaintiff and his former counsel.
 

 When a trial court imposes liability against counsel for a fee award entered under section 57.105, it
 
 “must
 
 make [1] an express finding that the claim was frivolous
 
 and,
 
 ... [2] an express finding that the attorney was not acting in good faith based upon the representations of his client.”
 
 Perlman v. Ameriquest Mortgage Co.,
 
 987 So.2d 1292, 1292 (Fla. 4th DCA 2008) (emphasis supplied) (citing
 
 Valdes v.
 
 Lovaas, 784 So.2d 474 (Fla. 3d DCA 2001);
 
 Weatherby Assoc. Inc. v. Ballack,
 
 783 So.2d 1138, 1143 (Fla. 4th DCA 2001)).
 

 The trial court’s order finding the Isaacsons to be entitled to fees satisfied the first element in
 
 Perlman
 
 by including “an express finding that the claim was frivolous,” namely, “[Skuzinsky] knew or should have known that at the time he presented his claim, it was not supported by the material facts necessary to establish the claim and was not supported by the application of the law to those facts.” This finding is supported by competent substantial evidence that the Isaacsons had a complete defense in the form of accord and satisfaction.
 

 However, because the court’s order does not include the required express finding as to the lack of good faith on the part of Skuzinsky’s counsel, the trial court failed to satisfy the second requirement in
 
 Perl-man.
 

 A trial court’s decision under section 57.105(1) must be supported by competent substantial evidence; therefore, it follows that a full evidentiary hearing on the good faith issue is necessary.
 
 See Tobin v. Bursch,
 
 977 So.2d 745, 747 (Fla. 3d DCA 2008) (holding that “[u]pon remand, the trial court is directed to hold an evi-dentiary hearing to determine whether ... [the losing party’s] attorney ‘acted in good faith, based on the representations of his or her client as to the existence of those material facts’ ”) (quoting § 57.105(1), Fla. Stat.)
 

 The parties dispute whether the trial court has already afforded F
 
 &
 
 L a meaningful opportunity to be heard regarding the issue of good faith. A “full hearing” is one during which the party was “represented by counsel, examined witnesses, and had the opportunity to offer evidence.”
 
 Brinkley v. County of Flagler,
 
 769 So.2d 468, 472 (Fla. 5th DCA 2000). In this case, F & L appeared at the hearing, which had been scheduled to address whether F & L would itself be responsible for a portion of the fees, with a witness prepared to testify that F & L relied on Skuzinsky’s representations in good faith when pursuing the underlying claim. Clearly, this testimony was relevant to the issue of F & L’s liability under section 57.105. F & L did not have a meaningful opportunity to offer this evidence because the court terminated the hearing.
 

 The court attempted to rectify the situation by permitting F & L to file a post-
 
 *1251
 
 hearing “initial” memorandum regarding the good faith exception. F & L complied and attached various documents which, presumably, it would have introduced had its expert been permitted to testify. By instructing counsel to submit “initial” memoranda, the court implied that F & L would have an opportunity to authenticate the attachments (or present additional evidence) at a subsequent hearing. Instead, the court, upon receipt and consideration of only the “initial” filings, entered the order awarding fees and costs and finding F & L liable under section 57.105.
 

 Lastly, F «fe L correctly argues that the trial court erred in awarding the Isaac-sons $2,087.66 in
 
 costs
 
 to be paid equally by Skuzinsky and F <fe L. Section 57.105, Florida Statutes (2006) provides that “the court shall award a reasonable attorney’s
 
 fee
 
 to be paid to the prevailing party,” but makes no mention of costs, (emphasis supplied).
 
 See also Berman & Feldman v. Winn Dixie, Inc.,
 
 684 So.2d 320, 323 (Fla. 4th DCA 1996) (affirming an award of attorneys’ fees but reversing the portion for costs assessed because “section 57.105 does not provide for the imposition of costs against the losing party’s attorney”)
 

 We reverse the portion of the order awarding costs. We also reverse the attorneys’ fee awards to the extent that they require F «fe L to pay 50%. This matter is remanded to the trial court to conduct an evidentiary hearing and, subsequently, either make the required finding regarding F «fe L’s lack of good faith reliance or deny the imposition of fees as to F & L.
 

 Affirmed in part, reversed in part, and remanded.
 

 POLEN and HAZOURI, JJ., concur.
 

 [1]
 

 . Section 57.105(1), Florida Statutes (2006), provides:
 

 [T]he court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim ... in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim ... when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 However, the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts.
 

 [2]
 

 . Section 57.105(4), Florida Statutes (2006), provides: "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.”
 

 [3]
 

 . F & L appeared on its own behalf and Skuzinsky appeared pro se as F & L had successfully moved to withdraw as Skuzin-sky's counsel.
 

 [4]
 

 . Section 57.105(2), Florida Statutes (2006), provides: "Paragraph (l)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.”