GERBER, J.
This appeal and cross-appeal arise from a final judgment after a non-jury trial in a landlord-tenant dispute. The dispute arose when the tenant, an interior designer, removed its trade fixtures when it vacated the leased premises after the parties’ lease contract expired, resulting in the landlord retaining the security deposit. The tenant filed a breach of contract claim against the landlord for the alleged improper retention of the security deposit. The landlord filed claims for breach of contract, conversion, and civil theft against the tenant and the tenant’s president for the alleged improper removal of the trade fixtures.
In the final judgment, the trial court found, in pertinent part: (1) the tenant was entitled to retain its trade fixtures; (2) the tenant was entitled to a partial return of its security deposit; (3) the landlord was entitled to retain the remainder of the security deposit to repair the damages which the tenant caused to the leased premises by removing the trade fixtures; (4) the landlord was not entitled to judgment on its conversion and civil theft claims against the tenant and the tenant’s president; and (5) neither party was the “prevailing party” for purposes of recovering attorney’s fees and costs.
From this final judgment, both parties have appealed. Because the trial court’s determination and our determination depend upon an interpretation of the parties’ controlling lease contract, our review is de novo. See Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 593 (Fla.2013) (a contract interpretation matter is a question of law subject to de novo review) (citation omitted).
We conclude that the parties’ lease contract was ambiguous as to which party was entitled to retain the trade fixtures when the lease expired. Because the lease contract was ambiguous, we conclude that the tenant was entitled to retain the trade fixtures. As the third district held in Sweeting v. Hammons, 521 So.2d 226 (Fla. 3d DCA 1988):
Where the relationship of landlord-tenant exists, the presumption is in favor of the right of a tenant to remove structures or articles [the tenant] has placed on the leased property for [its] own purpose, even in the absence of an express stipulation. Nothing short of the clearest expression of an agreement by the parties to that effect can justify the extension of the grasp of the landlord so as to cover chattels, or personal property brought upon the premises by the tenant, in pursuance of the business for which the premises were leased. For in the absence of an express contract as to trade fixtures, there is an implied contract permitting the tenant to remove them at the proper time and in a proper manner.
Id. at 229 (emphasis added; internal citations omitted).
Because entitlement to the trade fixtures and the security deposit was the most significant issue in the litigation, we conclude that the tenant was the prevailing party in this case. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992) *698 (“[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.”); Animal Wrappers & Doggie Wrappers, Inc. v. Courtyard Distribution Ctr., Inc., 73 So.3d 354, 356 (Fla. 4th DCA 2011) (tenant prevailed against landlord when tenant recovered a portion of its security deposit and, “more importantly,” the landlord did not prevail on its counterclaim seeking additional damages).
In turn, because the lease provided that, in the event of litigation between the parties, the prevailing party would be entitled to collect its reasonable attorney’s fees and costs from the other party, we conclude that the tenant is entitled to collect its reasonable attorney’s fees and costs incurred in prosecuting its breach of contract claim and defending against the landlord’s breach of contract claim. See § 57.105(7), Fla. Stat. (2012) (“If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.”); § 57.041(1), Fla. Stat. (2012) (“The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment ....”).
We also conclude that the tenant and the tenant’s president were the prevailing parties on the landlord’s conversion claim. See Moritz, 604 So.2d at 810. As the prevailing parties on that claim, the tenant and the tenant’s president are entitled to recover their costs incurred in defending against that claim. See § 57.041(1), Fla. Stat. (2012); Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So.3d 348, 356 (Fla. 4th DCA 2011) (“Under section 57.041(1), a judge has no discretion to deny recovery of costs to the prevailing party.”).
However, the tenant and the tenant’s president are not entitled to recover their attorneys fees and costs incurred in defending against the landlord’s civil theft claim. Under section 772.11(1), Florida Statutes (2011), the defendant (or counter-defendant) on a civil theft claim is entitled to recover its reasonable attorney’s fees and court costs in the trial and appellate courts only upon a finding that the claimant (or counter-claimant) “raised a claim that was without substantial fact or legal support.” § 772.11(1), Fla. Stat. (2011). Here, although the landlord failed to prevail on its civil theft claim by clear and convincing evidence, the landlord’s claim “was not without substantial fact or legal support” given the ambiguity of the parties’ lease contract. See Standafer v. Schaller, 726 So.2d 352, 353 (Fla. 2d DCA 1999) (“[T]he clear language of the statute appears to require more than that the defendant be the prevailing party because the failure of a plaintiff to prevail on a civil theft claim by clear and convincing evidence does not necessarily mean that the claim was without substantial fact or legal support.”).
Based on the foregoing, we reverse only the trial court’s finding that neither party was the “prevailing party” for purposes of recovering attorney’s fees and costs. We remand for the trial court to conduct an evidentiary hearing to determine the amount of: (1) the tenant’s attorney’s fees and costs incurred in prosecuting its breach of contract claim and defending against the landlord’s breach of contract claim; and .(2) the tenant’s and the tenant’s president’s costs incurred in defending against the landlord’s conversion claim. We otherwise affirm the remainder of the final judgment without further discussion.

*699
Affirmed in part, reversed in part, and remanded with directions.

WARNER and STEVENSON, JJ., concur.