IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GEORGE JACKMORE,

     Appellant,

v.

IN RE:  ESTATE OF WILLIAM
JACKMORE, DECEASED, AND
SCOTT BRIAN JACKMORE,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D11-6680

Opinion filed July 14, 2014.

An appeal from the Circuit Court for Duval County.
Peter L. Dearing, Judge.

Valarie Linnen, Atlantic Beach, for Appellant.

Merrilee A. Jobes and Adrian Philip Thomas of Adrian Philip Thomas, P.A., Fort
Lauderdale, for Appellees.

PER CURIAM.

The appellant challenges the trial court's order imposing sanctions against

him pursuant to section 57.105, Florida Statutes (2011).  We affirm the trial court's

award of attorney's fees without discussion.  We, however, reverse the trial court's

award of costs.  An award of costs is not authorized under section 57.105.  See

<u>Ferdie v. Isaacson</u>, 8 So. 3d 1246, 1251 (Fla. 4th DCA 2009) (explaining that section 57.105 allows for an award of reasonable attorney's fees to the prevailing party, but makes no mention of costs).

Our colleague concludes that we should remand to the trial court to have the attorney's fees split between the appellant and his counsel. However, the appellant's entire argument in his brief is that the fees should be borne by his counsel and none by the appellant. The only portion of the appellant's brief that can be interpreted as raising the issue that the attorney's fees should be split is in the "Summary of the Argument" section of the initial brief on the bottom of page 13, to wit:

> Second, the probate court erred in awarding sanctions against Appellant alone, without apportioning any liability to appellant's counsel, where Appellee failed to establish that Appellant misrepresented material facts to the probate court.

There are no cases or statues cited in support of this, and the appellant in the "Argument" section of the brief solely pursued the theory that the appellant was not responsible for any of the attorney's fees. This is exactly the type of single-sentence, non-supported, and non-elaborated "argument" that this Court refused to consider in <u>Henderson v. State</u>, 569 So. 2d 925, 927 (Fla. 1st DCA 1990), and we shall not consider it here.

AFFIRMED IN PART and REVERSED IN PART.

2

PADOVANO and ROBERTS, JJ., CONCUR; BENTON, J., CONCURS in part and DISSENTS in part with opinion.

BENTON, J., concurring in part and dissenting in part.

I concur in the judgment except that I would reverse half the fee award entered against appellant. In the order under review, the trial court determined: "Petitioner pursued no novel legal argument that was not foreclosed by existing case law or statutory authority." But the trial court did not find that the losing party's attorney acted in good faith.

Although appellant might have argued more forcefully and with greater clarity that he should not have been held responsible for the entire attorney's fee awarded, he did argue in the initial brief that "the probate court erred in awarding sanctions against Appellant alone, without apportioning any liability to Appellant's counsel." See § 57.105(1), Fla. Stat. (2011) (providing "the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney . . . .").

It may also be worth noting that, while an award of costs is not authorized under section 57.105, Florida Statutes (2011), such awards are authorized under section 57.041(1), Florida Statutes (2011), if timely requested. See Fla. R. Civ. P. 1.525; Fla. Prob. R. 5.025(d)(2).