DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAN PRONMAN, GARY PRONMAN** and **MARK P. BOCKSTEIN,**
Appellants,

v.

**BRIAN STYLES** and **MOVIE STAR MUSCLECARS, INC.,** a foreign
corporation,
Appellees.

No. 4D12-2279

[March 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 09-43833 (02).

Lorne A. Kaiser of Kaiser Romanello, P.A., Parkland, for appellants.

Laurie A. Thompson of Weiner, Lynne & Thompson, P.A., Delray Beach, for appellee Brian Styles.

*EN BANC*

DAMOORGIAN, C.J.

This is an appeal from a fees and costs judgment awarded mid-litigation in conjunction with a motion filed pursuant to section 57.105 of the Florida Statutes. Appellants, Dan Pronman, Gary Pronman, and their original attorney, Mark Bockstein (collectively "Appellants"), appeal the trial court's award of attorney's fees and costs against them and in favor of Appellee, Brian Styles. Appellants raise a number of issues. We affirm the fees award and reverse the costs award.

The case began with a dispute between Styles and a corporate entity controlled by the Pronmans. The dispute resulted in Styles filing a lawsuit against the Pronmans and their corporate entity in the Broward County Circuit Court. What should have been a routine contract dispute quickly deteriorated into a knock-down, drag-out fight over a challenge to venue and jurisdiction as asserted by the Pronmans in a motion to dismiss. In their motion, the Pronmans represented that they had no ties to Broward County and they and their corporate entity did business only in Canada.

Without burdening this opinion with all of the factual details, Appellants vociferously tried to avoid discovery relating to venue, despite their own admissions to the court that venue and jurisdiction were contested. Specifically, Appellants filed objections and motions for protective orders with the court and refused to answer interrogatories and deposition questions regarding where the Pronmans resided and conducted business. As was ultimately adduced from discovery, the overwhelming evidence established that the Pronmans and their corporate entity conducted their business in Broward County, Florida.

While the trial court was dealing with the then pending venue issue, Styles' attorney served Appellants with a Motion for Attorney's Fees and Costs pursuant to section 57.105 of the Florida Statutes, arguing that the venue argument asserted by the Pronmans was without basis in law or fact. The motion also noted that "after objecting to venue in the Motion, [Appellants] then objected to Plaintiff's discovery addressing factual issues concerning venue which would be necessary for affidavits or an evidentiary hearing on venue." Styles maintained that these discovery objections served "no purpose but to unreasonably delay this proceeding" and thus requested an award of attorney's fees. After the 21-day safe harbor period expired,[1] Styles filed his motion for fees and costs with the court. Appellants ultimately abandoned, what was later determined to be, their meritless jurisdiction/venue defense.

The trial court conducted a hearing on the fees motion. At the hearing, Styles' attorney argued that although Appellants knew the jurisdiction/venue defense raised in their motion to dismiss was unfounded, they refused to withdraw the motion for ten months, and during that time obstructed discovery requests that were directed at the very defense Appellants' asserted. After considering the parties' arguments, the court awarded Styles his fees and costs after concluding that Appellants' motion to dismiss and their actions taken in response to discovery had no basis in law or fact. The court held three subsequent evidentiary hearings concerning the proper amount of fees, after which it awarded Styles $11,942 in equal parts against Appellants. The court reserved jurisdiction to enter costs. This appeal followed.

---

[1]  The so-called safe-harbor provision of section 57.105 provides: "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." § 57.105(4), Fla. Stat. (2010).

"The standard of review of a trial court's order awarding section 57.105(1) attorney's fees is an abuse of discretion. That is, this Court looks to see if the trial court abused its discretion in finding no justiciable issues of fact or law." *Puglisi v. Puglisi,* 135 So. 3d 1146, 1147 (Fla. 5th DCA 2014) (internal citations omitted).

Appellants first argue that the trial court erred in determining that their motion to dismiss for improper venue and on jurisdictional grounds was without merit.

Section 57.105 of the Florida Statutes provides that a court shall award fees to the prevailing party if it finds that:

> the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1)(a)−(b), Fla. Stat. (2010). Therefore, a court abuses its discretion in awarding fees in conjunction with a losing motion to dismiss under section 57.105 only if the "motion to dismiss was supported by material facts or the application of existing law." *Gahn v. Holiday Prop. Bond, Ltd.,* 826 So. 2d 423, 426 (Fla. 2d DCA 2002).

We conclude, based on the competent and substantial evidence in the record, that the trial court correctly determined that Appellants' motion to dismiss and the arguments in support thereof were unsupported by the facts and the law, and that Appellants knew or should have known that the motion to dismiss had no merit. To add insult to injury, Appellants continually objected to discovery requests, the very subject of which was directed to the issues raised in Appellants' motion to dismiss.

Appellants next argue that the trial court erred when it found the Pronmans' original counsel, Mark Bockstein, jointly liable for the fee award without making an express finding that there was no justiciable issue and that the attorney was not acting in good faith based upon the representations of his client. Styles concedes that there were no such express findings, but points out that the court did find that the venue defense was not supported by material facts and that Mr. Bockstein "knew or should have known this to be the case at the time the defense was raised."

- 3 -

Appellants are correct that there is a large body of case law requiring a court to make specific bad faith findings before it holds an attorney liable for fees under section 57.105.  For example, in *Ferdie v. Isaacson,* 8 So. 3d 1246 (Fla. 4th DCA 2009), we explained:

> When a trial court imposes liability against counsel for a fee award entered under section 57.105, it *"must* make [1] an express finding that the claim was frivolous *and, . . .* [2] an express finding that the attorney was not acting in good faith based upon the representations of his client."

*Id.* at 1250 (quoting *Perlman v. Ameriquest Mortg. Co.,* 987 So. 2d 1292, 1292 (Fla. 4th DCA 2008)).

While *Perlman* and its progeny were good law under a pre-1999[2] version of the statute, we are compelled to recede from our holding in these cases because the statute was amended in 1999 to state:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action **in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense** when initially presented to the court or at any time before trial:

---

[2]   Prior to being amended in 1999, Section 57.105(1) read:

The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was **a complete absence of a justiciable issue of either law or fact** raised by the complaint or defense of the losing party; provided, **however, that the losing party's attorney is not personally responsible if he or she has acted in good faith,** based on the representations of his or her client.  If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.

§ 57.105(1), Fla. Stat. (1997) (emphasis added).

(a) **Was not supported by the material facts** necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1)(a)–(2), Fla. Stat. (2010) (emphasis added).[3]

Here, the trial court's order found that "the Defendants' motion to dismiss objection to this Court's jurisdiction and venue was not supported by the facts, and the Defendants and their counsel, Mark P. Bockstein, knew or should have known this to be the case at the time the defense was raised." Thus, the trial court's order complies with the plain direction provided in the current version of section 57.105. *See Badgley v. Suntrust Mortg., Inc.*, 134 So. 3d 559, 561 (Fla. 5th DCA 2014) (affirming trial court's award of 57.105 fees against a plaintiff and her attorney based on the court's findings that the plaintiff and her attorney knew or should have known the claim was not supported by the material facts or application of the then-existing law).

Finally, Appellants argue that the award of Styles' costs was error. Styles concedes error as section 57.105 does not provide a mechanism for recovering costs. *Santini v. Cleveland Clinic Fla.*, 65 So. 3d 22, 37 (Fla. 4th DCA 2011) (section 57.105 does not allow for the recovery of costs). Accordingly, we reverse and instruct the trial court to strike the provision in the fee judgment reserving jurisdiction to award costs. We affirm in all other respects.

*Affirmed in Part; Reversed in Part and Remanded.*

WARNER, STEVENSON, GROSS, TAYLOR, MAY, CIKLIN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

\*       \*       \*

---

[3]   Additionally, subsection (3)(b) of the current version of section 57.105 provides that the court may not award monetary sanctions "against the losing party's attorney if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts." § 57.105(3)(b), Fla. Stat. (2010). However, this "good faith finding" is a justification for denying a 57.105 motion for fees. Nothing in the plain language of the statute suggests that the court is required to find that there **was not** good faith before granting an award.

*Not final until disposition of timely filed motion for rehearing.*