DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARIO AYALA,** individually, and **INRI, INC.,** d/b/a **ARMS INTL,**
Appellant,

v.

**INTERAVIA SPARES AND SERVICES, INC.,**
Appellee.

No. 4D22-300

[November 9, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. CONO-20-003866 (70).

Richard Sierra of Richard Sierra & Assoc., P.A., Boca Raton, for appellant.

Spencer B. Siegel of Siegel & Siegel, P.A., Boca Raton, for appellee.

FORST, J.

Appellant Dario Ayala appeals the trial court's award of attorney's fees and damages to Appellee Interavia Spares and Services, Inc., on a claim of replevin, and the court's failure to award him attorney's fees as the prevailing party on a civil theft claim. We affirm the damages award without discussion, concluding it was supported by competent substantial evidence on the record. However, because Appellee had no entitlement to attorney's fees on its prevailing claims, we reverse the fee award. Finally, we remand for the trial court to conduct a hearing on Appellant's entitlement to attorney's fees with respect to the civil theft claim.

## Background

The parties entered a consignment relationship whereby Appellee consigned to Appellant several airplane components for resale. After some disagreements arose, Appellee requested the return of the items and Appellant failed to comply. Appellee then brought the suit underlying this appeal, raising claims of replevin, civil theft, and account stated.

Appellant counterclaimed for the cost of storing the consigned items, but the trial court dismissed the counterclaim on Appellee's motion.

The trial court also entered an order adjudicating the replevin claim in Appellee's favor. In compliance with this order, Appellant returned all but one of the detained items, an Air Data Computer ("ADC"). The parties proceeded to a bench trial on the claims of civil theft and account stated.

At trial, the court found for the Appellee as to the claim of account stated. Appellant paid that judgment. However, the trial court found for Appellant on the civil theft claim, finding that Appellant lacked criminal intent to deprive Appellee of its property.

The trial court awarded Appellant $6,000 on the replevin claim, representing the ADC's reasonable value. In addition, the court awarded Appellee attorney's fees and costs as "the prevailing party." When asked by Appellee to consider sanctions against Appellant's counsel, the court stated: "I'm not going to issue any sanctions." The court did not clarify which claim — account stated or replevin — was the basis for the fee award to Appellee:

> [APPELLANT]: What is the basis for attorney's fees, on which count?
>
> THE COURT: Well, which one would you like to choose?
>
> [APPELLANT]: Well, in Count II [Account Stated] there's no basis for attorney's fees. We actually moved to strike attorney's fees since there is no contractual provision on attorney's fees. Count III [Civil Theft], we're the prevailing party. Actually we're entitled to attorney's fees on Count III on the civil theft claim.
>
> THE COURT: As to Count I, the court still finds this case to be alive and viable and orders the return of the [ADC]. In lieu of the return of the [ADC], under the replevin action the court awards $6,000 in damages. [Appellee's Counsel], you're the prevailing party. Have a good day.

After trial, the court issued its final judgment, wherein it reiterated the $6,000 damages award. In addition, the court awarded $16,290 in attorney's fees and $878.98 in costs, again describing Appellee as "the prevailing party." The final judgment made no additional mention of sanctions against Appellant. This appeal timely followed.

2

**Analysis**

"A party's entitlement to attorney's fees is reviewed *de novo*." *De La Riva v. Chavez*, 303 So. 3d 955, 958 (Fla. 4th DCA 2020) (quoting *Weiner v. Maulden*, 267 So. 3d 1045, 1047 (Fla. 4th DCA 2019)).

"Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." *Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003). A court may also award attorney's fees as part of sanctions against a party and their counsel for bringing a frivolous claim. *See* § 57.105(1), Fla. Stat. (2021). Such sanctions can come upon the court's own initiative or the motion of any party. *Id.*

Here, both parties insist they are entitled to some award of attorney's fees incurred at trial. We consider each party's entitlement in turn.

*A.     Appellant's Entitlement as Prevailing Party on the Civil Theft Claim*

Florida law provides a civil remedy for injury resulting from theft. *See* § 772.11(1), Fla. Stat. (2021). A plaintiff who establishes such injury by clear and convincing evidence is entitled to treble damages and their reasonable attorney's fees and costs. *Id.* A prevailing defendant can also receive their attorney's fees and costs, but only "upon a finding that the claimant raised a [civil theft] claim that was *without substantial fact or legal support*." *Id.* (emphasis supplied).

Here, the trial court found for Appellant on the civil theft claim after concluding that Appellee had failed to establish that Appellant had the criminal intent necessary to create liability under section 772.11. In his reply brief, Appellant insists that this ruling necessarily means that the civil theft claim was "without substantial fact or legal support" and that he is entitled to fees as a matter of law. Following Appellant's argument, to prevail on a claim is to demonstrate the opposing position lacked substantial fact or legal support.

Section 772.11's plain language requires us to reject this argument. Although this section provides an unqualified entitlement to attorney's fees for a prevailing plaintiff, it entitles a prevailing defendant to fees only if the civil theft claim lacks "substantial fact or legal support." § 772.11(1), Fla. Stat. (2022). To disregard this qualification would contradict basic principles of statutory interpretation requiring no provision be ignored or

3

rendered surplusage. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174–179 (2012).

Our case law similarly rejects Appellant's interpretation. We have previously noted that "[t]he clear language of the statute appears to require more than that the defendant be the prevailing party[,] because the failure of a plaintiff to prevail on a civil theft claim by clear and convincing evidence does not necessarily mean that the claim was without substantial fact or legal support." *H. Allen Holmes, Inc. v. Jim Molter, Inc.*, 127 So. 3d 695, 698 (Fla. 4th DCA 2013) (quoting *Standafer v. Schaller*, 726 So. 2d 352, 353 (Fla. 2d DCA 1999)).

Appellant's success, standing alone, is insufficient to entitle him to an award of attorney's fees. When Appellant raised the issue at trial, the court made no ruling. Nor did the trial court hold a separate hearing or address this issue in the final judgment. The absence of an express finding on the record requires us to remand for a hearing on the issue of the Appellant's entitlement to attorney's fees with respect to Appellee's unsuccessful civil theft claim. *See Standafer*, 726 So. 2d at 353 ("[B]ecause we are unable to conclude that the trial court applied the correct standard in making its award, we reverse and remand for reconsideration on the issue of attorney's fees.").

### B. Appellee's Entitlement to Fees

Appellee concedes that it has no statutory entitlement to attorney's fees. Instead, Appellee argues that the trial court sanctioned Appellant's counsel for bringing a frivolous counterclaim pursuant to section 57.105 and awarded attorney's fees as part of that sanction.

Before issuing sanctions pursuant to section 57.105, the trial court must make an express finding that "the losing party or the losing party's attorney knew or should have known that a claim or defense … (a) [w]as not supported by the material facts necessary to establish the claim or defense; or (b) [w]ould not be supported by the application of then-existing law to those material facts." *See Pronman v. Styles*, 163 So. 3d 535, 537–38 (Fla. 4th DCA 2015) (affirming trial court's order awarding fees under section 57.105 because it contained the finding that defendant's counsel knew or should have known claims were not supported by the record facts).

Appellee requested the trial court consider sanctions against Appellant during proceedings below. In response, the court announced it would award attorney's fees to Appellee because it was the prevailing party.

4

Immediately after this ruling, the court declared: "I'm not going to issue any sanctions." The final judgment reiterated that Appellee would receive attorney's fees and costs *as the prevailing party*. Despite this, Appellee insists there was an implicit sanction against Appellant in the form of a fee award.

The notion of implicit sanctions is incompatible with our case law, which requires express findings before sanctions may issue. *See Ferdie v. Isaacson,* 8 So. 3d 1246, 1250 (Fla. 4th DCA 2009). Moreover, the trial court explicitly refused to "issue any sanctions." We accordingly reject Appellee's contention that the trial court issued sanctions. And because Appellee failed to raise the denial of sanctions on appeal, any error is waived. *D.H. v. Adept Cmty. Servs., Inc.*, 271 So. 3d 870, 880 (Fla. 2018). We conclude that Appellee has no entitlement to attorney's fees and costs under section 57.105.

**Conclusion**

As noted above, we affirm the trial court's calculation of damages on Appellee's replevin claim. However, the trial court erred when it awarded Appellee attorney's fees and costs as the prevailing party, despite no contractual or statutory entitlement and in conflict with the court's "no sanction" declaration. That award is reversed. The court further erred in failing to address Appellant's entitlement to attorney's fees with respect to Appellee's unsuccessful civil theft claim. We thus remand for a hearing to determine whether Appellant is entitled to attorney's fees under the civil theft statute.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**